Isaac Nutovic, Esq.
**NUTOVIC & ASSOCIATES**
Proposed Counsel to the
  Debtor and Debtors-in-Possession
261 Madison Avenue, 26th Floor
New York, New York 10016
(212) 421-9100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                                                          Chapter 11

      **BLUE CHIP VENTURES LLC,**

                                                                      Case No. 17-

                             Debtor
----------------------------------------------------------x

## LOCAL RULE 1007-2 DECLARATION

      Melvin Caro, declaring under penalty of perjury pursuant to 28 U.S.C. §1746, states as follows:

1.     I am the managing member of Blue Chip Ventures LLC. (the "Debtor" or "BCV"). I submit this Declaration pursuant to L.B.R. 1007-2 in connection with the Debtor's voluntary petition for relief (the "Petition") filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Unless otherwise indicated, all financial information submitted with this Declaration is presented on an estimated and unaudited basis.

      **a. Information Required By L.B.R. 1007-2**

(i) Debtor's Business and Factors Leading to Filing of Petitions

2.     The Debtor is the owner of two vacant lots in Manhattan. An affiliate, Red Chip Ventures, Inc. ("RCV") owns a third contiguous lot. The Debtor and its members previously entered into a joint venture agreement with two individuals (the "Joint Venturers") in 2015 to

develop the three lots. The Joint Venturers were required, amongst other things, to obtain construction financing and make mortgage payments to Brick Cabernet Capital LLC ("Brick") which had loaned BCV $600,000 in 2014. The Joint Venturers failed to obtain financing and defaulted on other obligations claiming, contrary to the explicit provisions of the joint venture agreement, that the lots had to be transferred to a joint venture entity prior to their obtaining financing. In October 2015, after filing a notice of pendency, they commenced an action in the Supreme Court of New York, County of New York (the "Joint Venture Action"). That action was referred to arbitration which is pending. In the meantime Brick commenced a foreclosure proceeding, obtained a judgment against BCV and scheduled an auction sale of BCV's lots for September 27, 2017.

       7.      As of the date of the filing of the Petition the Debtor's sole assets are the two vacant lots in Manhattan which are valued at approximately $3 million and litigation claims against the Joint Venturers. BCV's sole liabilities, other than insider loans and disputed litigation claims of the Joint Venturers, consist of the Brick's foreclosure judgment of $758,400, property taxes due on both properties totaling $75,165.31 and approximately $49,000 in fees due to attorneys who have represented the Debtor in the Joint Venture Action and the Brick foreclosure proceeding.

(ii) The Debtors' Cases Not Originally Commenced Under Chapter 7 or Chapter 13

      8.      The Debtor's bankruptcy case was not originally commenced under chapter 7 or chapter 13 of the Bankruptcy Code. Accordingly, L.R.B. 1007-2(a)(2) is inapplicable.

(iii) Committees Organized Before Petition Date

      10.     No committees have been organized prior to the Petition Date.

2

(iv) Holders of 20 Largest Unsecured Claims

11.    BCV has no unsecured creditors other than Vernon & Ginsberg, the law firm which is currently representing it in the Joint Venture Action and associated arbitration proceeding.

(v) Holders of 5 Largest Secured Claims

12.    The sole secured claims against BCV are those held by Brick for $758,400 and New York City for $75,165.31.

(vi) Schedule of Assets and Liabilities

13.    A summary of the Debtor's assets and liabilities in the form of an unaudited proforma balance sheet, dated as of the Petition Date, is attached as Schedule 1.

(vii) Publicly Held Securities

14.    No securities of the Debtor are publicly held.

(viii) No Property in Possession or Custody of Custodian

15.    The Debtor has no property in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee or rents or secured creditor, or agent for any such entity.

(ix) Premises Where the Debtor Conducts Business

16.    The Debtor conducts its business at 578 Driggs Avenue Brooklyn, N.Y. 11211, but does not own or lease any space at that location.

(x) Location of the Debtor' Assets and Books and Records

17.    The Debtor's assets consist of two vacant lots located at 203-205 Cabrini Boulevard, New York, New York and litigation claims against the Joint Venturers. The Debtor's books and records are maintained at its principal place of business.

(xi) Threatened or Pending Actions Against the Debtor

18. The only pending action against the Debtor, is the Joint Venture Action.

(xii) The Debtor's Management

19. The Debtor's operates under the joint stewardship of myself and Matthew Mazzella who are the sole members of the Debtor.

**b. Additional Information Required**

20. The Debtor intends to continue the operation of its business and the management of its property as Debtor and Debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108.

(i) Semi-Monthly Payroll to The Debtor' Employees

21. The estimated amount of the semi-monthly payroll to employees is $0.

(ii) Compensation of Officers, Directors, and Financial Consultants

22. No payments will be made to any officers directors or consultants.

(iii) Estimated Business Operations

23. The Debtor generates no revenue. Other than professional fees and property taxes, no expenses are expected to accrue post-petition..

Dated: New York, New York
September 26, 2017

_____
MELVIN   CARO

## Schedule 1    Balance Sheet

**Assets:**

Real Property…………………. $3,000,000

**Liabilities**:

Mortgage………………………..$758,400
Property Taxes…………………. $ 75,165.31
Accounts Payable……………….$ 49,000
Insider loans……………………. $ 60,000